

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LEO YIP,                                      )
                                             )
                        Plaintiff,           )          2:11-cv-1189-GMN-CWH
                                             )
vs.                                          )          **ORDER**
                                             )
QUALITY FINANCIAL, INC., *et al*.,           )
                                             )
                        Defendants.          )
_____)

This matter is before the Court on Plaintiff's Motion for Attorney Fees (#73), filed August 10, 2012; Interested Party Michael D. Mazur's Response (#79), filed August 29, 2012; and Plaintiff's Reply (#81), filed August 31, 2012. The undersigned conducted a hearing on this matter on September 4, 2012.

**BACKGROUND**

**1. Procedural Background**

On July 21, 2011, Plaintiff filed his complaint stating various causes of action regarding the alleged wrongful repossession of an automobile against Defendants GMS Automotive LLC ("GMS") and Quality Financial, Inc. ("Quality Financial"). (#1). On September 6, 2011, Quality Financial filed its motion to dismiss. (#8). GMS filed its answer on September 8, 2012. (#9). Approximately two weeks after GMS filed its answer, Plaintiff filed an amended complaint. (#11).

Shortly after filing the amended complaint, Plaintiff filed a motion requesting that the Court issue an order requiring GMS and Quality Financial to file their respective Certificates of Interested Parties. (#12). In the motion, Plaintiff also requested that GMS and Quality Financial identify the towing company which wrongfully towed Plaintiff's vehicle. The Court granted the request requiring the filing of the Certificates of Interested Parties, but denied the request to

1    identify the towing company, reminding Plaintiff's counsel that the certificate is not a substitute

2    for discovery.  *See* Order (#13) at 1:27-2:4.  Both GMS and Quality Financial filed their

3    respective Certificates of Interested Parties within a week of the Court's order.  *See* (#14) and

4    (#15).  On the same day that it filed its Certificate of Interested Parties, GMS filed an answer to

5    Plaintiff's amended complaint.  (#17).  Quality Financial filed its motion to dismiss Plaintiff's

6    amended complaint on October 11, 2011.  (#19).

7        Thereafter, on October 24, 2011, GMS filed an offer of judgment pursuant to Fed. R. Civ.

8    P. 68.  (#20).  Plaintiff filed a motion to strike the filing which was granted.  *See* Order (#24).

9    On the same day that he filed his motion to strike (#22), Plaintiff also filed a stipulated discovery

10    plan (#21).  Plaintiff noted that counsel for GMS did not participate in framing the discovery

11    plan.  The plan was approved and adopted by the Court on October 27, 2011.  (#26).

12        On February 14, 2012, almost four months after the discovery plan had been approved

13    and less than one month from the close of discovery, Plaintiff filed a motion to compel.  (#32).

14    Plaintiff's counsel asserted that GMS' counsel had failed to participate in discovery and,

15    consequently, requested that Plaintiff be awarded fees and costs associated with the motion to

16    compel.  The Court set the motion for hearing on March 13, 2012.  (#33).  Prior to the hearing,

17    Plaintiff's counsel filed an "emergency motion" requesting an order requiring GMS' counsel to

18    attend the hearing.  (#35).  The Court denied the motion reminding the parties that, unless

19    otherwise ordered, GMS' counsel of record Michael D. Mazur was already required to attend the

20    hearing.  *See* Order (#36).  The parties were also reminded that a failure to appear for argument

21    on a motion without cause would subject the non-appearing party to sanction.  *Id*.

22        GMS' counsel did not file an opposition to Plaintiff's motion and failed to appear at the

23    March 13, 2012, hearing.  Consequently, Plaintiff's motion to compel was granted in full and

24    GMS ordered to provide full and complete discovery by the close of business on March 26, 2012.

25    The Court further ordered that Plaintiff's request for costs and fees related to the motion to

26    compel be granted in the amount of $2,500.00.  The sanction was as against GMS' counsel of

27    record Michael D. Mazur only.  *See* Mins. of Proceedings (#39).

28        The Court issued a separate Order to Show Cause against attorney Michael D. Mazur

1   requiring him to appear on March 26, 2012, and show cause why further sanctions should not be

2   imposed.  *See* Order (#38).  A copy of the order was sent to Mr. Mazur via certified mail (#40)

3   and service acknowledged on March 20, 2012.  (#41).  Remarkably, Mr. Mazur failed to

4   personally appear at the March 26, 2012, show cause hearing.  He did join the hearing

5   telephonically while in progress and indicated that he had not made the required disclosures and

6   had not tendered the $2,500.00 sanction.  He was admonished to pay attention to the case.

7          Given the failure to personally appear, the Court issued a second Order to Show Cause

8   why the undersigned should not recommend contempt sanctions as well as striking of his client's

9   answer for his failure to appear at two separate hearings and failure to comply with the Court's

10  order to provide discovery.  *See* Order (#43).  Mr. Mazur was specifically warned that the failure

11  to personally appear would result in a recommendation for civil contempt sanctions and,

12  potentially, limitations on his ability to practice in this court.  The Court also required that Mr.

13  Mazur file a written brief, provide his client with a copy of the order, and bring a representative

14  from GMS to hearing.  The show cause hearing was scheduled for April 13, 2012.  A few days

15  prior to the April 13, 2012, hearing, Plaintiff's counsel filed a motion requesting that the Court

16  direct the United States Marshal to bring Mr. Mazur to the hearing.  (#47).  The Court summarily

17  rejected the request finding the relief unnecessary.  *See* Order (#49).  Also before the hearing, and

18  predictably so, GMS filed a motion to substitute attorneys.  (#48).

19         Astoundingly, Mr. Mazur failed to personally appear at the April 13, 2012 show cause

20  hearing.  Representatives for GMS did appear with attorney Eva Garcia-Mendoza.  The Court

21  granted GMS' motion for substitution of counsel and conferred with the parties regarding the

22  case status.  The parties indicated that they believed discovery could still be completed and,

23  therefore, the Court ordered that a new discovery plan be filed.  The Court also agreed to conduct

24  a settlement conference.  The Court took the show cause issue regarding Mr. Mazur under

25  submission.

26         Within a few days after the second show cause hearing, the Court scheduled a settlement

27  conference for April 16, 2012.  (#51).  The Court also approved the parties new scheduling order

28  and discovery plan.  (#53).  On May 11, 2012, Plaintiff's counsel filed a notice indicating that

1  Mr. Mazur had tendered the $2,500.00 monetary sanction associated with Plaintiff's motion to

2  compel. (#55).   Plaintiff's counsel also requested that the settlement conference be postponed

3  until he had the opportunity to conduct certain discovery. (#58).  The request was granted.

4  (#59).  On July 19, 2012, the parties filed a stipulation to extend discovery. (#69).  The

5  stipulation was set for a telephonic hearing on July 26, 2012. (#70).  During the hearing, the

6  Court granted the requested extension for a period of three months. (#72).  Plaintiff's counsel

7  also indicated his intention to file a motion requesting the Court exercise its inherent authority to

8  require Mr. Mazur to pay all of Plaintiff's attorney fees for his conduct prior to substitution.

9  **2.  Plaintiff's Motion for Attorney Fees (#73)**

10      The subject of this motion is Plaintiff's motion for attorney fees filed on August 10, 2012.

11  (#73).  Citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), Plaintiff's counsel requests that the

12  Court exercise its inherent authority to award Plaintiff attorney fees in the amount of $24,900.00

13  as against GMS' prior attorney Michael D. Mazur.   Plaintiff's counsel argues that Mr. Mazur

14  "resisted every conceivable attempt to discuss this matter including efforts at resolution." *See*

15  Pl.'s Mot. (#73) at 5:23-25.  According to Plaintiff's counsel, as a result of the deliberate efforts

16  at frustration by Mr. Mazur this case has "severely metastasized." *Id*. at 6:1-2.  Thus, Plaintiff's

17  counsel requests that the Court require Mr. Mazur to pay all fees incurred by Plaintiff prior to the

18  filing of this motion.

19      In response, Mr. Mazur indicated that Plaintiff had already been awarded fees for conduct

20  up to and including March 26, 2012.  He also indicated that the failures to appear at the Court's

21  scheduled show cause hearings were a direct result of deliberate actions by former employees of

22  his firm to undermine him for their own financial gain.  The malfeasance of his employees was

23  reported to the State Bar and his law firm initiated a lawsuit in Clark County District Court. *See*

24  Ex. 1 attached to Mazur's Resp. (#79).  Mr. Mazur argues that the vast majority of Plaintiff's

25  counsel's claimed hours are inherently related to the conduct of litigation as opposed to

26  specifically related to any misconduct on his part.  Mr. Mazur concludes that Plaintiff's counsel

27  is, at most, entitled only to reimbursement of fees directly related to the failures to appear at the

28  show cause hearings.

1

**DISCUSSION**

2

**1. Inherent Authority**

3          The Court has the inherent power to levy sanctions for abusive litigation tactics.

4   *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980).  The court's inherent authority to

5   issue sanctions was reiterated in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) and extends "to a

6   full range of litigation abuses." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting

7   *Chambers*, 501 U.S. at 46-47).  Nevertheless, "[b]ecause of their very potency, inherent powers

8   must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.  "When there is bad-

9   faith conduct in the course of litigation that could be adequately sanctioned under the [Federal]

10  Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Id*. at 50.

11  Imposition of sanctions using the court's inherent powers must "be preceded by a finding of bad

12  faith, or conduct tantamount to bad faith." *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir.

13  2001) (citing *Fink*, 239 F.3d at 993).

14         The Court has reviewed the briefing and record in this matter and concludes that

15  imposing sanctions against Mr. Mazur using the Court's inherent authority is not appropriate.

16  The Court agrees that Mr. Mazur's failure to participate in the development of the initial

17  scheduling order, failure to provide timely initial disclosures, and failure to respond to Plaintiff's

18  discovery requests caused hardship to Plaintiff.  However, the Court finds the dilatory conduct

19  was not undertaken in bad faith and does not qualify as "conduct tantamount to bad faith." *Id*.

20  The Court further finds that utilization of its inherent authority is unnecessary because Mr.

21  Mazur's conduct either could have or has been adequately addressed under the Federal Rules.

22  Plaintiff could have sought sanctions against Mr. Mazur for his failure to participate in framing

23  the discovery plan under Rule 37(f).  He did not.  Plaintiff did obtain $2,500.00 in monetary

24  sanctions against Mr. Mazur for his failure to respond to discovery requests.[1]  Subsequent to the

25  monetary sanctions, GMS obtained new counsel, a new discovery plan was entered, and, in fact,

26

27          [1] Additionally, Mr. Mazur's former client GMS was ordered to provide responses to the outstanding
discovery and deemed to have waived all objections.  GMS was also ordered to provide its Rule 26(a)
28  disclosures.  *See* Min. of Proceedings (#39).

- 5 -

1   a second amended complaint was filed.[2]

2          Moreover, the Court has reviewed the affidavit submitted by Plaintiff's counsel outlining

3   the 48.8 hours of work performed prior to the filing of this motion.  The vast majority of the

4   claimed fees have, at best, a tangential relationship to Mr. Mazur's conduct in this case.  Many of

5   the entries represent work which would normally have to be undertaken during the normal course

6   of litigation.  For example, Mr. Mazur's discovery failures were not the impetus for the time and

7   effort spent by Plaintiff to investigate and file his complaint, respond to a motion to dismiss,

8   interact with counsel for other defendants, provide written discovery and review discovery

9   responses from other parties, participate in depositions, or schedule a settlement conference.

10  Indeed, of the 47 entries listed by Plaintiff's counsel in his fee affidavit, only entries 10, 17, 18,

11  21, 22, 23, and 24 could credibly be attributed to Mr. Mazur's discovery failures, totaling 9.3

12  hours.[3]

13  **2. Rule 16(f)**

14         Although the Court will not impose sanctions using its inherent authority, it does find that

15  there is good cause to impose sanctions under Rule 16(f) for Mr. Mazur's failure to appear at two

16  separate show cause hearings.  Rule 16(f) provides that "[o]n motion or on its own, the court may

17  issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its

18  attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a

19  scheduling order or other pretrial order."  Regardless of whether sanctions are imposed under

20  Rule 37(b)(2)(A)(ii)-(vii), "the court must order the party, its attorney, or both to pay the

21  reasonable expenses–including attorney's fees–incurred because of any noncompliance with this

22  rule."  *See* Fed. R. Civ. P. 16(f)(2).

23  _____

24         [2] The Court also disagrees with Plaintiff's counsel's suggestion that Mr. Mazur's discovery failures
    and non-responsiveness eliminated "any possibility to realistically and reasonably settle this case at a nascent
25  stage."  GMS has never been under any obligation to settle this case.  GMS is entitled to defend itself all the
    way through trial if it wishes.  It also appears as though GMS was willing to entertain settlement at least as
26  early as October 13, 2011, when Mr. Mazur improperly filed an offer of judgment, which, at minimum, very
    clearly indicated a monetary settlement amount.

27         [3] This is not to suggest that the Court believes the hours expended were reasonable, only that the
    tasks performed relate to Mr. Mazur's discovery failures.  It is the undersigned's view that Entries 19, 20,
28  29, and 30 were entirely unnecessary.

GMS'counsel, Mr. Mazur, did not appear at the March 13, 2012, hearing on Plaintiff's motion to compel. *See* Mins. of Proceedings (#39).  As a result, the Court issued an order for Mr. Mazur to show cause regarding his failure to appear.  Plaintiff's counsel personally appeared but Mr. Mazur did no personally attend.  Mr. Mazur did call in and, although the call was not authorized by the Court, was permitted to participate in the hearing telephonically.  Nevertheless, because Mr. Mazur failed to personally appear the Court issued a second order to show cause. Inexplicably, Mr. Mazur failed to appear for this second hearing.  Fortunately, GMS did attend with substitute counsel.

In defense of his multiple failures to appear, Mr. Mazur asserts that he was victim of subterfuge by his own employees.  Even if true, the alleged subterfuge does not justify the failure to appear.  In addition to both orders to show cause being mailed to his office, Mr. Mazur was given electronic notice of both hearings at the email address he provided to the Court.  What is more, at the hearing on the first order to show cause, Mr. Mazur was specifically admonished that a second order to show cause would issue.  That he failed to appear at the second hearing despite having been specifically told there would be second hearing is, to put it mildly, inexcusable.  The undersigned is not unsympathetic to the alleged subterfuge, but, ultimately, it is counsel who bears responsibility for his own conduct and the conduct of his staff.

Accordingly, the Court will grant Plaintiff attorney fees under rule 16(f) for his appearance and participation in the two hearings on the orders to show cause.  The Court has reviewed the fee affidavit submitted by counsel and finds that entries 22, 24, 27, 29, 30, and 31 are the only entries that specifically relate to the Mr. Mazur's failures to appear at the scheduled hearings.  The Court finds that entry number 29 (drafting motion to require U.S. Marshal to bring Mr. Mazur to the scheduled hearing (#47)) and entry number 30, which apparently pertains to Plaintiff's counsel's review of the Court's order denying motion (#47), were entirely unnecessary.  The Court will limit recovery for time spent reviewing the actual orders to show cause .1 hours for each order. The Court will also limit recovery for time spent traveling to and participating in the show cause hearings to 1 hour of compensable time.  Since Plaintiff's counsel's request for impositions of sanctions pursuant to the Court's inherent power is denied,

1  the Court will not award fees for preparation of the motion.  The fees awarded in this matter are

2  awarded pursuant to Rule 16(f) and entered *sua sponte*, not in conjunction with any specific

3  request.  Thus, the Court finds that Plaintiff is entitled to fees for 2.3 hours of time expended

4  relating to Mr. Mazur's failures to appear at the hearings to show cause.  The Court will use the

5  previously unopposed rate of $500.00 per hour.

6        Based on the foregoing and good cause appearing therefore,

7        **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (#73) is **denied**.

8        **IT IS FURTHER ORDERED** that sanctions are entered against Mr. Mazur under Rule

9  16(f) in the amount of $1,150.00.  Payment is due within thirty (30) days receipt of this order.

10       DATED this 22nd day of October, 2012.

11

12       _____
         C.W. Hoffman, Jr.
13       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28